JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
John W. Burnard and Kurt B. Burnard, as Administrator of the Estate of Ella E. Burnard, deceased

## DEFENDANTS
Michael J. Stocker

**(b)** County of Residence of First Listed Plaintiff: Lehigh, Pennsylvania
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Denver, Colorado
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane R. Jubb, Jr., Esquire
The Beasley Firm, LLC
1125 Walnut Street, Philadelphia, PA 19107, (215) 592-1000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** $3,000,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 02/09/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3534 Linden Street, Bethlehem, PA 18017

Address of Defendant: 891 14th Street, Unit 1415, Denver, CO 80202-3260

Place of Accident, Incident or Transaction: Bethlehem, Easton, and Tamaqua, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　　Yes☐　No☒

Does this case involve multidistrict litigation possibilities?　　　Yes☐　No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
　　　Yes☐　No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
　　　Yes☐　No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
　　　Yes☐　No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
　　　Yes☐　No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
　(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
　(Please specify) Fraud, Conversion

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Lane R. Jubb, Jr., Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/9/2018　　　_____　　　319272
　　　　　　　　　　　Attorney-at-Law　　　　　　　Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/9/2018　　　_____　　　319272
　　　　　　　　　　　Attorney-at-Law　　　　　　　Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| John W. Burnard and Kurt B. Burnard, as Administrator of the Estate of Ella E. Burnard, dec'd v.<br><br>Michael J. Stocker | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 2/9/18 | *(signature)* | John W. Burnard and Kurt Burnard |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 592-1000 | (215) 592-8360 | Lane.jubb@beasleyfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN W. BURNARD and KURT B. BURNARD, as Administrator of the ESTATE OF ELLA E. BURNARD, deceased<br>3534 Linden Street<br>Bethlehem, PA 18017<br><br>                        Plaintiffs,<br><br>vs.<br><br>MICHAEL J. STOCKER<br>891 14th Street<br>Unit 1415<br>Denver, CO 80202-3260<br><br>                        Defendant. | CIVIL COMPLAINT<br><br><br><br><br>No.:<br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### I. INTRODUCTION

1. This personal injury lawsuit involves a ninety-two year old couple who were targeted and stripped of their life's savings by the Defendant. The Defendant assisted and joined the scheme of a now convicted con-artist to steal hundreds of thousands of dollars from the Plaintiffs when they needed it the most during their twilight years.

### II. JURISDICTION AND VENUE

2. This Honorable Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332. The amount in controversy substantially exceeds the requirement for Federal Diversity Jurisdiction and to guarantee a jury trial, exclusive

of interest and costs. The Defendant is a citizen of a state other than the state in which the Plaintiffs reside.

3. This Court has jurisdiction over the parties because the Defendant engaged in continuous and systematic business activity in Pennsylvania. Furthermore, the Defendant's fraudulent scheme and conspiracy alleged herein, of which the Defendant was aware and controlled, took place in Pennsylvania.

4. Venue is proper pursuant to 28 U.S.C § 1391 because the Defendant is subject to the Court's personal jurisdiction with respect to the civil action in question.

5. Plaintiffs are residents of the Eastern District of Pennsylvania.

### III. FACTUAL BACKGROUND

6. On September 22, 2016, a jury convicted Alfonse Picone of theft by unlawful taking and receiving stolen property after he deceptively and fraudulently stole in excess of three hundred thousand dollars from the Burnards – a ninety-two year old couple.

#### A. ALFONSE PICONE AND HIS CONVICTION

7. Up until Picone began preying on the Burnards, the Burnards' typical spending was limited to monthly bills and their simple pleasure – dining out.

8. Picone was the owner of a restaurant that the Burnards frequented.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

9. Picone used his role within the restaurant to schmooze his patrons, employees, and townsfolk in to believing he was something that he was not – a success and a decent human being.

10. Picone preyed on the Burnards because of their age, wealth, and particularly because of Ms. Burnard's visibly evident mental infirmities. Picone saw the opportunity to defraud and take advantage of the elderly couple and particularly Ms. Burnard

11. After using a loan request as a pretext, Picone drained the Burnard's Wells Fargo deposit accounts and Stifel Nicolaus Premier Stock accounts, in less than a year, to fund his gambling habit and his drowning restaurant.

12. Using temporary checks and withdrawal slips made out to him and his restaurant, Picone looted the Burnards for everything they had – stripping twenty to thirty thousand dollars at a time.

13. During the same time period, Picone drained the Burnards' Stifel Nicolaus Premier Stock account where at one point the balance was ***overdrawn by approximately two hundred thousand dollars***, i.e. Closing Balance – Net Cash Equivalents = - $200,000.

14. Unbeknownst to the Burnards up until the time of trial, Mr. Picone did not act alone.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

## B. DEFENDANT STOCKER JOINS PICONE'S FRAUDULENT SCHEME

15. On January 13, 2014, in the infancy of the Defendant's scheme, Picone used a temporary check drawn on the Burnards' Wells Fargo checking account to transfer $30,000 to his own personal account.

16. The previous banking day, however, *exactly* thirty thousand dollars was drawn on the Burnards' Stifel Nicolaus account and deposited into their Wells Fargo Account.

17. On February 23, 2014, a check was drawn on the Burnards' Wells Fargo Checking Account for $20,000 – when the Burnards only had a balance of approximately $7,500 – <u>made payable to "Mike Stocker."</u>

18. Wells Fargo returned the check to Stocker's bank for insufficient funds.

19. The very next day, Stifel Nicolaus wired exactly twenty thousand dollars to the Burnards' checking account – *not at the request of the Burnards* – and Stocker re-deposited the check.

20. Mike Stocker a/k/a "Mikey" Stocker marketed himself as an employee, agent, and/or servant of Stifel Nicolaus, including on his resume and LinkedIn account.

21. From January, 2014 through the end of June, 2014 (when Picone fraudulently added himself as an owner on the Burnards' Wells Fargo account), Picone and Stocker withdrew almost the exact same amount from the Burnards' Stifel account:

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

|  | **Picone (= Total)** | **Stocker (= Total)** |
|---|---|---|
| 1/13/2014 | 30,000 (=$30,000) | |
| 2/23/2014 | | $20,000 (= $20,000) |
| 3/1/2014 | | $20,000 (= $40,000) |
| 3/22/2014 | $10,000 (= $40,000) | $40,000 (= $80,000) |
| 4/1/14 | $35,000 (= $75,000) | |
| 5/6/14 | $30,000 (= $105,000) | |
| 5/9/2014 | | $20,000 (= $100,000) |
| 5/20/2014 | $2,000 (= $107,000) | |
| 5/29/2014 | $30,000 (= $137,000) | |
| 6/2/2014 | $30,000 (= $167,000) | |
| 6/10/2014 | | $30,000 (= $130,000) |
| 6/17/2014 | | $30,000 (= $160,000) |
| **TOTAL Jan - July 2014** | **$167,000** | **$160,000** |

22. From February, 2014 through June 31, 2014, the Burnards' Stifel Nicolaus account never had a positive balance and was **overdrawn by as much as $189,245.40**.

23. Instead of contacting the Burnards about their overdrawn account, Stifel Nicolaus paid every single check issued to Stocker and Picone and **then sold the Burnards' stock to reimburse itself** for the overdrawn balance.

24. Not surprisingly, however, when Stocker stopped receiving checks in approximately July, 2014, Stifel Nicolaus properly began to reject payment on the checks payable to Picone because of an insufficient balance.

25. Additionally, when Stocker was receiving payments from the Stifel Nicolaus account, no check, withdrawal, or transfer request was ever rejected for insufficient funds.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

26. When Stocker stopped stripping his share from the Burnards' Stifel Nicolaus account and stopped approving (or, alternatively, having another person approve) Picone's transfers/payments on the overdrawn account, Stocker wrote a final check to Picone from his own Stifel Nicolaus account:

[Check image: MICHAEL J STOCKER, Stifel Prestige Accounts, 1027, dated 7/19/14, Pay to the order of Alfonso Picone, $15,000.00, Fifteen Thousand, The Bank of New York Mellon, Everett, Massachusetts]

27. At all times prior to July 19, 2014, the date of the above check from Stocker to Picone, Picone and Stocker were neither owners nor authorized signers on either the Burnards' Wells Fargo accounts or their Stifel Nicolaus accounts.

28. In summary, Stocker paid Picone $15,000 after he stopped receiving checks from the overdrawn Stifel Nicolaus account and days before Picone fraudulently added himself to the Burnards' Wells Fargo account.

29. Defendant Stocker's father, Barry Michael Stocker, is Manager of the Stifel Nicolaus's branch located in Easton, Pennsylvania.

30. All of the above detailed factual allegations specific to Defendant Stocker were revealed in approximately March, 2016, after completion of the forensic accounting investigation into Picone.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

## C. DEFENDANT STOCKER STRIPPED THE BURNARDS OF THEIR LIFE'S SAVINGS

31. After both living through the great depression, Mr. Burnard, a World War II veteran, and Ms. Burnard saved in hopes of one day having a comfortable retirement nest that they could ultimately give to their children upon their passing.

32. Instead, Mr. Burnard now shares a room with a stranger in a small assisted living facility with the mental anguish that the fruits of his labors have been stripped and gambled away by the fraudulent and unconscionable acts described in herein. Ms. Burnard tragically passed away shortly before Picone's criminal trial.

33. The Burnards had no intention of giving their life savings to a stranger with a gambling addiction or a college student, over the span of *six months,* at the age of ninety, so that they were left with nothing during their remaining years.

34. The Burnards had no intention of ever giving Picone or Stocker any of the financial benefits they received.

35. With the exception of the initial loan that Picone used as a pretext to gain access to the Burnards' secure financial information (which he, of course, never repaid), the Burnards had no intention of loaning Picone or Stocker any of the hundreds of thousands of dollars they received.

36. None of the payments, withdrawals, or transfers to Picone or Stocker were ever used to benefit the Burnards.

37. The Burnards' stocks and annuities that the Defendants had stripped provided dividends, interest, and returns to the Burnards during their lifetime for

7
JOHN W. BURNARD, ET AL. V. MICHAEL J. STOCKER
*Complaint*

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

them to live on during their twilight years, which they would have received until ultimately passing it to their children.

38. Instead, Defendant Stocker used those funds to co-fund a technology company targeting the ski and snowboard industry, Snowvation.com, where he still serves as Founder & CEO.

39. Today, the Burnards' cash, stocks, and annuities, which were fraudulently sold and stolen by the Defendant, would be valued at their highest levels in the Burnards' lifetimes, at an estimated value in excess of one million dollars.

40. John Wayne Burnard also suffers from the emotional realization that his life's savings were stolen, in part, by the very institutions he trusted to secure them. As a World War II veteran, who lived through the great depression, Mr. Burnard fears for his health and financial security every day knowing his retirement nest is significantly smaller and he requires advanced medical care and assistance, reducing it further.

41. Plaintiffs have suffered and will continue to suffer economic damages in excess of one million dollars.

42. In addition to the damages above, Plaintiff John Wayne Burnard also suffers and will continue to suffer mental anguish, embarrassment, physical manifestations of the emotional anguish; suffering; and a decreased quality of life.

43. All of the Plaintiffs' damages are a direct and proximate result of the Defendant's intentional and/or reckless and willful conduct described at length herein.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
#### Fraud

44. Plaintiffs incorporate the above paragraphs by reference as if set forth at length herein.

45. The Defendant's conduct alleged above and herein constitutes unconscionable practices, false pretense, misrepresentation, concealment, and suppression, all of which amount to fraud. In addition to the allegations set forth previously in this Complaint, the Defendant acted fraudulently when he:

   a. misled the Burnards to believe he was acting in good faith when he actually intended to deceive them and strip them of their life's savings;

   b. made false and/or misleading statements of fact concerning his intentions with the Burnards' assets, as set forth previously herein;

   c. assisted Picone and

   d. forged the Burnards' signatures on checks, applications, and otherwise.

46. Defendant Stocker willfully engaged in such practices knowing them to be unlawful and deceptive and with the intent that the Burnards would rely on his advice, recommendations, and statements to their own detriment.

47. Had the Burnards known that Defendant Stocker intended to loot their life's savings or would otherwise recklessly, maliciously, and/or willfully disregard the Burnards' interests as pled herein, the Burnards would not have permitted their assets to be even remotely possessed or controlled by Stocker, i.e. the Defendant's false misrepresentations were of a material fact.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

48. The Burnards did in fact rely on the Defendant's false, misleading, deceptive, and malicious advice, recommendations, and/or statements to their detriment as set forth previously herein.

49. Defendant Stocker acted with malicious intent, recklessness, and willfulness towards the Burnards, at all times material hereto.

50. Defendant Stocker intended for the Burnards to rely on his unconscionable practices, false pretenses, misrepresentations, concealment and suppression.

51. Specifically, Mikey Stocker would encourage Ms. Burnard to sign blank checks to him (knowing she suffered from mental infirmities), then would tell her he would handle her bills or expenses, but would instead write in whatever amount of money he wanted for himself. See, e.g. Exhibit "A."

52. Upon information and belief, Mikey Stocker would then approve the transfer from the overdrawn account himself or would receive assistance from another employee, agent, or servant of Stifel Nicolaus.

53. As a direct and proximate result of Defendant Stocker's misleading, deceptive, fraudulent, and unlawful conduct, Plaintiffs have sustained the damages set forth previously herein.

54. As a direct and proximate result of Defendant Stocker's fraudulent, misleading, deceptive, and unlawful conduct, Plaintiffs will continue to sustain the damages set forth previously herein.

**WHEREFORE**, Plaintiffs hereby demand damages from Defendant in an amount substantially in excess of the jurisdictional limit for a jury trial, punitive

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

damages, plus costs, delay damages and such other relief as this Honorable Court deems just and appropriate.

## SECOND CAUSE OF ACTION
### CONVERSION

55. Plaintiffs incorporate the above paragraphs by reference as if set forth at length herein.

56. Defendant Stocker deprived the Burnards of their hard earned savings, including cash, interest, and securities, such that the Burnards were and remain unable to use it as they please.

57. Defendant Stocker took the Burnards' savings unlawfully by fraud, deception, concealment, and theft.

58. Defendant Stocker remains in possession of the Burnards' money, which he also has injected into the company he founded and remains CEO.

59. Defendant Stocker did not have the Burnards' consent to take or remain in possession of their savings.

60. As a direct and proximate result of Defendant Stocker's conversion of the Plaintiffs' money, the Plaintiffs have sustained the damages set forth previously herein.

61. As a direct and proximate result of Defendant Stocker's conversion of the Plaintiffs' money, the Plaintiffs will continue to sustain the damages set forth previously herein.

**WHEREFORE,** Plaintiffs hereby demand damages from Defendant in an amount substantially in excess of the jurisdictional limit for a jury trial, punitive

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

damages, plus costs, delay damages and such other relief as this Honorable Court deems just and appropriate.

### THIRD CAUSE OF ACTION
#### CIVIL CONSPIRACY

62. Plaintiffs incorporate the above paragraphs by reference as if set forth at length herein.

63. Defendant Stocker acted in concert with convicted Picone for the purpose of fraudulently and unlawfully taking the Burnards' savings.

64. Defendant Stocker and Picone acted in concert to conceal their fraudulent and unlawful conduct, which furthered the draining of the Burnards' assets.

65. As set forth above, Defendant Stocker and Picone, between and amongst themselves, entered into an agreement and/or otherwise engaged in a continuing conspiracy to deceive the Burnards and fraudulently distribute the Burnards' life's savings amongst one another over the span of just six months while simultaneously attempting to cover their unlawful tracks.

66. Defendant Stocker and Picone took substantial steps in furtherance of their scheme and conspiracy as alleged herein, including but not limited to, intentionally forging financial documents, willfully disregarding their reporting requirements, concealing their employee's missteps, and accepting the Burnards' stolen property as payment for not reporting the unlawful conduct.

67. Meetings, conferences, telephone, email, and other communications were held between and among Defendant Stocker and Picone for the purpose of discussing the improper practices set forth herein and the concealment of the truth alleged herein.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

68. Defendant Stocker and Picone performed the acts set forth herein intending to injure Plaintiffs and/or acted recklessly, maliciously, and willfully in consciously disregarding the Plaintiffs' health, life, and property interests.

69. The Defendant acted with malicious intent, recklessness, and willfulness towards the Burnards, at all times material hereto.

70. As a direct and proximate result of Defendant Stocker and Picone's conspiracy and scheme, Plaintiffs suffered the damages previously set forth herein.

**WHEREFORE**, Plaintiffs hereby demand damages in an amount substantially in excess of the jurisdictional limit for a jury trial, punitive damages, plus costs, delay damages and such other relief as this Honorable Court deems just and appropriate.

### NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFFS HEREBY DEMAND AND REQUEST THAT DEFENDANT TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

13
**JOHN W. BURNARD, ET AL. V. MICHAEL J. STOCKER**
*Complaint*

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.

THE BEASLEY FIRM, LLC

BY: _____
JAMES E. BEASLEY, JR.
LANE R. JUBB, JR.
1125 Walnut Street
Philadelphia, Pa 191017
215.592.1000
215.592.8360 (telefax)
*Attorneys for Plaintiffs*

February 9, 2018

14
**JOHN W. BURNARD, ET AL. V. MICHAEL J. STOCKER**
*Complaint*

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

# EXHIBIT "A"

